UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JUSTIN APAKIAN

    Plaintiff,

v.

CREDIT PROTECTION ASSOCIATION, L.P., a Delaware corporation

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, JUSTIN APAKIAN, and hereby brings this action against Defendant, CREDIT PROTECTION ASSOCIATION, L.P., hereinafter "Defendant", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and in support thereof alleges as follows:

### JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), and §15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

3. This Court has supplement jurisdiction over the state law claims according to 28 U.S.C. §1367.

### VENUE

4. Venue is proper in the United States District Court for the Southern District of Florida

pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendant is a legal entity who transacts business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

5. Plaintiff, Justin Apakian is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant, Credit Protection Association, L.P., is a Delaware corporation, and has its principal place of business in Dallas, Texas where it regularly engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

## BACKGROUND

7. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

8. Plaintiff, is alleged to have incurred a financial obligation to Comcast in the sum of $291.62. Such amounts is a "debt" as defined by 15 U.S.C. §1691a(5).

9. On February 25, 2011, April 1, 2011, April 12, 2011, and April 25, 2011, Defendant sent Plaintiff with collection notices.

10. The subject debt was never reported to any credit bureau.

11. The notice was prepared and given by the Defendant.

## COUNT I
## CREATION OF A FALSE SENSE OF URGENCY
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

12. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 11, herein.

13. Defendant's threat of impending credit reporting against Plaintiff created a false sense of urgency in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## COUNT II
## DECEPTIVE OR MISLEADING NOTICE
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

14. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 11 herein.

15. By containing deceptive and/or misleading language in its February 25, 2011, and April 12, 2011 letters, Defendant violated 15 U.S.C. §1692e(10) as the statements contained in said demand letter would be deceptive or misleading to the least sophisticated consumer with respect to his legal rights.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for

an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## §559.55, *et seq.*, FLORIDA STATUTES

16. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 11 herein.

17. Defendant violated §559.55 by providing to Plaintiff threats to report Plaintiff to the credit bureaus when Defendant had absolutely no intention of doing so.

18. The foregoing acts and omissions of Defendant constitute violations of the FCCPA.

19. As a result of Defendant FCCPA violations, Plaintiff, has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages, statutory damages in the amount up to $1,000.00, punitive damages; and reasonable attorneys fees and costs pursuant to pursuant to §559.77, Florida Statutes.

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendant for an award of actual damages, statutory damages in the amount up to $1,000.00, punitive damages; and reasonable attorneys fees and costs pursuant to pursuant to §559.77, Florida Statutes against the Defendant, and other such relief in the discretion of this Court.

## JURY TRIAL DEMAND

20. Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  February 13, 2012

                MILITZOK & LEVY, P.A.
                Attorneys for Plaintiffs
                The Yankee Clipper Law Center
                3230 Stirling Road, Suite 1
                Hollywood, Florida 33021
                (954) 727-8570 - Telephone
                (954) 241-6857 – Facsimile
                mjm@mllawfl.com

                By: /s/ Matthew J. Militzok
                MATTHEW J. MILITZOK, ESQ.
                Fla. Bar No.: 0153842